UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANDIA EVANS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 24-2469 (PLF) |
| ADAMS, MORRIS & SESSING, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Adams, Morris & Sessing ("AMS") removed the instant action to this Court from the Superior Court of the District of Columbia on August 27, 2024.  See Notice of Removal [Dkt. No. 1]; Notice of Removal ("Notice of Removal") [Dkt. No. 3-1].  In its Notice of Removal, AMS attached a series of documents that had been filed in the Superior Court, including the complaint and a motion to dismiss and for sanctions.  See Defendant's Motion to Dismiss Plaintiff's Complaint and Request for Assessment of Rule 11 Sanctions ("Mot.") [Dkt. No. 1-5].  Plaintiff was served with this motion on August 20, 2024.  See Mot. at 11.

On September 3, 2024, plaintiff filed both an amended complaint and an opposition to AMS's motion to dismiss and for sanctions in this Court.  See Amended Complaint ("Am. Compl.") [Dkt. No. 6]; Plaintiff's Opposition to Defendant Adams, Morris & Sessing's Motion to Dismiss and for Sanctions ("Opp.") [Dkt. No. 7-1].  The amended complaint added, inter alia, a new defendant, Aedis Title LLC ("Aedis").  See Am. Compl. ¶ 4.  Plaintiff filed a "corrected" amended complaint on September 5, 2024, which also includes Aedis as a defendant. See Amended Complaint ("Corrected Am. Compl.") [Dkt. No. 10-1], ¶ 4.  In plaintiff's

opposition to AMS's motion to dismiss the complaint, plaintiff argues that the motion should be denied as moot because an amended complaint has now been filed. See Opp. at 2-3 ("Plaintiff's timely filed Rule 15 Amended Complaint supersedes its initial Superior Court filing, and renders Defendant's Motion moot."). On September 17, 2024, AMS filed a new motion to dismiss the amended complaint. See Defendant, Adams, Morris & Sessing's Motion to Dismiss Counts I, II, and III Of Plaintiff's Amended Complaint [Dkt. No. 12].

At issue is the Court's subject matter jurisdiction. "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) (citation omitted). "Moreover, [federal courts] have an independent obligation to determine whether subject-matter jurisdiction exists . . . ." Id. at 514; see Herbin v. Seau, 317 F. Supp. 3d 568, 572 (D.D.C. 2018) ("[T]he Court must satisfy itself that it has Article III jurisdiction.").[1] "When a Court's subject matter jurisdiction is dependent solely on diversity jurisdiction and the Court finds that complete diversity does not exist, the Court must dismiss the suit." Baca v. CPI/GV Crestview Ests. Owner, LLC, Civil Action No. 22-02798, 2022 WL 16571192, at *1 (D.D.C. Oct. 31, 2022).

When AMS removed this action to this Court, it was the only defendant in the case and had invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332 as the sole basis for removal. See Notice of Removal ¶ 3. There was no reason to doubt the Court's jurisdiction at that point given the fact that the information provided suggested complete diversity of

---

[1] This is particularly important in the instant case since both parties appear to request the Court's adjudication of the instant action — that is, AMS removed the case to federal court and plaintiff filed an amended complaint in this Court.

citizenship. Id. ¶¶ 4-5.  The filing of the amended complaint changes this conclusion based on the addition of defendant Aedis.

There are two aspects of the amended complaint that give the Court concern over whether it has jurisdiction.  First, the amended complaint states that "[j]urisdiction of the Court is conferred pursuant to D.C. Code §§ 11-921."  Corrected Am. Compl. ¶ 1.  This provision, however, "does not serve as a basis for subject-matter jurisdiction for the federal courts." Odutola v. Floyd, Civil Action No. 21-3212, 2022 WL 4447295, at *2 (D.D.C. Sept. 23, 2022). Second, the amended complaint states that Aedis, a Limited Liability Company ("LLC"), "is a Title company with escrow agent capacity and duties located in the State of Maryland." Corrected Am. Compl. ¶ 4.  Assuming the plaintiff intends to invoke this Court's diversity jurisdiction, the information provided is insufficient because an LLC's "citizenship . . . is determined by the citizenship of its members."  Jakks Pac., Inc. v. Accasvek, LLC, 270 F. Supp. 3d 191, 193 (D.D.C. 2017), aff'd, 727 F. App'x 704 (D.C. Cir. 2018).  Plaintiff does not provide any information on Aedis's members' citizenship.  Furthermore, plaintiff's implicit suggestion that Aedis is a citizen of Maryland for diversity purposes is undercut by the fact that plaintiff provides a Virginia address for Aedis in the case caption.  See Corrected Am. Compl.  In sum, the Court concludes the information provided in the amended complaint is insufficient for it to determine whether this Court has jurisdiction over this action.

Accordingly, the Court finds it appropriate to direct plaintiff to (1) provide the basis for the Court's jurisdiction in light of the abovementioned concerns, and (2) provide the citizenship of plaintiff, AMS, and Aedis.  See Herbin v. Seau, 317 F. Supp. 3d at 572 (directing the plaintiff to "submit evidence regarding [defendant]'s domicile" to assess whether the plaintiff "is [ ] able to meet his burden of establishing the Court's subject matter jurisdiction").  If

plaintiff is not able to meet her burden of establishing the Court's subject matter jurisdiction, the Court will dismiss this action without prejudice. See id. at 573.

In view of the foregoing, it is hereby

ORDERED that on or before October 2, 2024, plaintiff shall show cause why this case should not be dismissed for lack of subject matter jurisdiction, and if it exists, provide the information requested above.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 9|18|24

4